UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ILLINOIS CENTRAL RAILROAD COMPANY** | * | **CIVIL ACTION** |
| | * | **NO. 20-1717** |
| **VERSUS** | * | |
| | * | **SECTION "L" (3)** |
| **BROTHERHOOD OF LOCOMOTIVE** | * | |
| **ENGINEERS AND TRAINMEN** | | |

Before the Court is a Motion for an Award of Attorneys' Fees and Costs filed by the Respondent-Counterclaim Petitioner, Brotherhood of Locomotive Engineers and Trainmen ("BLET"), R. Doc. 29, in compliance with the Court's Judgment on December 4, 2020, R. Doc. 27. The motion is unopposed. Having considered BLET's motion, exhibits, and the applicable law, the Court now rules as follows.

**I. BACKGROUND**

This case arises out of a dispute over the validity of an arbitration award issued under the Railway Labor Act ("RLA"). While off-duty, a locomotive engineer employed by Illinois Central Railroad was overhead using a racial epithet by some of his coworkers. R. Doc. 19-1 at 2. The employee was subsequently dismissed after a formal investigation. *Id.* at 133. A Public Law Board charged with hearing the dispute found that the punishment of dismissal was too severe and reinstated the employee without backpay. *Id.* at 151. Illinois Central Railroad sought to vacate the Board's award, arguing that it violated public policy by impeding employers' ability to prevent racial harassment in the workplace. R. Doc. 1. Respondent BLET counterclaimed against Petitioner to enforce the award and to reinstate the employee. R. Doc. 3. The facts were not in dispute, and the matter was submitted to the Court on cross Motions for Summary Judgment.

1

On December 4, 2020, this Court granted summary judgment in favor of BLET and affirmed the arbitration award, finding that no established public policy was violated by the award in this particular instance. R. Doc. 27. The Court also awarded reasonable attorneys' fees to BLET in accordance with 45 U.S.C. § 153, First (p). *Id*. Counsel for BLET now request an order granting $41,899.90 in fees and costs. R. Doc. 29. The motion is not opposed.

## II. LAW AND ANALYSIS

Section 3, First (p) of the Railway Labor Act provides that "[i]f the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit." 45 U.S.C. § 153, First (p). As BLET prevailed in seeking enforcement of the Board's award, BLET is entitled to reasonable attorneys' fees and costs under this provision

Under fee-shifting statutes, federal courts typically follow the "lodestar" method in calculating attorneys' fees. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir.1999). The lodestar is "the product of reasonable hours times a reasonable rate," and the Supreme Court has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 559, 562 (1992); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). An appropriate hourly rate is determined according to the prevailing rates in the relevant legal market. *McClain*, 649 F.3d at 381.

Counsel for BLET have attached time records demonstrating that they have spent 156.7 hours prosecuting BLET's cross-petition to enforce the arbitration award. R. Doc. 29-4; 29-5. The billing records provide a detailed description of services rendered and the time expended satisfying the requirements of Local Rule 54.2. This case was resolved on cross motions for summary

judgment presented before the Court for oral argument. Given the complexity of this case and the issues involved, the Court finds that the hours expended in this case are reasonable.

BLET requests an hourly rate of $275 for Joshua D. McInerey and Sarah Ingles, attorneys from Barkan Meizlish Derose Wentz McInerey Peifer, LLC ("Barkan Meizlish LLP") and $200 for Julie Richard Spencer from Robein, Urann, Spencer, Pircard & Cangemi, APLC. R. Doc. 29-1Mr. McInerey has 21 years of experience in labor and employment law, specializing in matters involving the RLA. R. Doc. 29-1 at 3. Ms. Ingles, a 2018 graduate of Capital University Law School, is a third-year associate who focuses on union-side labor law. R. Doc. 29-2 at ¶ 2. She has been engaged with the AFL-CIO Union Lawyers Alliance and serves in the role as Associate General Counsel for another client who falls under the jurisdiction of the RLA. *Id.* at ¶ 2. Similarly, local counsel Ms. Richard-Spencer has 30 years of experience in labor and employment law and has served as the Chairman of the Louisiana Bar Association's Labor and Employment Committee. *Id.* at ¶ 10.

These rates are appropriate given the specialized experience of counsel in this field, which enables them to provide efficient legal services to their rail union clients. Moreover, the hourly rates charged to BLET are considerably below rates awarded for comparably experienced counsel in the this market. *See, e.g.*, *Funez v. EBM*, 2018 WL 5004806, at *4 (E.D. La. Oct. 16, 2018) (finding a partner rate of $350 per hour reasonable); *Soonhee Kim v. Ferdinand*, 2018 WL 1635795, at *4 (E.D. La. Apr. 5, 2018) (finding $410 per hour "typical for partners in this community"); *Dadar v. T&C Marine*, L.L.C., 2018 WL 3950396, at *6 (E.D. La. May 3, 2018) (finding $350 hourly rate reasonable in this market*); M C Bank & Tr. Co. v. Suard Barge Serv., Inc.*, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding partner rates of $395 and $350 per hour reasonable). In a case such as this, $275 is a reasonable hourly rate for attorneys with Mr.

McInerney's experience and Ms. Ingles' specialization. In addition, $275/hour is the customary rate charged by Barkan Meizlish LLP to BLET for attorney services in all matters. *Id.* at ¶ 7; *see Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) (noting the "best measure of the cost of an attorney's time" is the "standard hourly rate"). Furthermore, a $200 hourly rate is well within the range of prevailing market rates for an attorney of Ms. Richard-Spencer's ample experience.

After determining the lodestar, the court may consider the applicability and weight of the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vison, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington*, 505 U.S. at 567).

Application of the *Johnson* factors supports the reasonableness of the requested $41,688.75 in fees and $211.15 in expenses. The Court finds that neither an enhancement nor a reduction of

the lodestar is warranted in this case. *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 823 (5th Cir. 1997).

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that BLET's Motion for Attorneys' Fees and Expenses, R. Doc. 29, is **GRANTED.**

New Orleans, Louisiana, on this 6th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE